NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROOKE W. MURPHY d/b/a MEADOWLANDS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ERIC G. ZAJAC, and ZAJAC, ARIAS & TRICHON, P.C.,<br><br>Defendants. | Civil Action No. 13-cv-04981 (JLL)(JAD)<br><br>REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by defendants, Eric G. Zajac and Zajac, Arias & Trichon P.C., (collectively "Defendants"), to dismiss or transfer venue pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Pennsylvania, (the "Motion to Transfer"). (ECF No. 8).[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendants' Motion to Transfer be **DENIED**.

---

[1] Defendants' Motion to Transfer, (ECF No. 8), was filed as a motion to dismiss, or in the alternative, transfer venue. However, because Defendants argue for dismissal for lack of venue pursuant to 28 U.S.C. 1406(a), the Court reviews both motions in conjunction as the Motion to Transfer. (Def. Br., ECF No. 8-2, at 1 and 4).

## I. BACKGROUND.[2]

This is a breach of contract action brought by Plaintiff, Brooke W. Murphy[3], a New Jersey citizen, against Defendants, all residents of Pennsylvania. Plaintiff alleges to have contracted[4] with a non-party, Raymond Rubino, Esq., (hereinafter "Mr. Rubino"), a New Jersey attorney, "in connection with his representation of the plaintiff[5] in an action entitled Givalry v. General Motors Corp. and Pompey Motors, Inc., in consideration for defendants' promise to pay for his services." (Complaint, ECF No. 1 at ¶ 1). Plaintiff claims that Defendants filed a substitution of attorney replacing Mr. Rubino, rendering them liable under the Contract. (Id. at ¶ 2). Plaintiff claims that he continued to provide investigatory services for Defendants, and based on the agreement made with Mr. Rubino (and subsequently assigned to Defendants), Plaintiff billed Defendants the amount of $169,770.00, which remains outstanding. (Defs.' Br., ECF No. 8 at 2).

On March 2, 2012, Defendants filed the instant motion, which seeks to transfer the action to the United States District Court for the Eastern District of Pennsylvania. (ECF No. 8). Defendants argue that dismissal, or in the alternative transfer, is appropriate for both the convenience of the parties and witnesses and in the interests of justice because: (i) there is no proper basis for venue in New Jersey pursuant to 28 U.S.C. § 1391; (ii) no substantial act or omission that forms the basis of this action arose in New Jersey; (iii) all the claims in this case are based upon conduct in Pennsylvania where all Defendants reside; and (iv) Pennsylvania is the most convenient forum. (Defs.' Br., ECF No. 8 at 1).

---

[2] The facts are taken from the parties' respective submissions.
[3] While Plaintiff in this case filed suit as "Meadowlands Company," the record reflects that Plaintiff, Brooke W. Murphy in fact renders accident investigative services under the trade name, "Meadowlands Company". (See Cert., ECF No. 11 at ¶1).
[4] (Hereinafter the "Investigation Contract" or the "Contract").
[5] (Hereinafter "Ms. Givalry").

Plaintiff opposes the motion to transfer on the grounds that: (i) Plaintiff's choice of forum in the District of New Jersey is entitled to great deference; (ii) the matter has a meaningful connection to New Jersey inasmuch as the agreement at issue was made by Plaintiff, a New Jersey citizen, with Mr. Rubino, in New Jersey; and (iii) a substantial part of the events at issue occurred in New Jersey. (Pls.' Opp., ECF No. 11 at 1-2).

## II. STANDARD OF REVIEW.

"[O]n a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it." Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1406(a), if venue is not proper, the Court may transfer a case to "any district . . . in which it could have been brought" "if it be in the interest of justice." 28 U.S.C. § 1406(a). Similarly, 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotations and citations omitted). The decision whether to transfer

3

case is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No. 09-2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010).

In addition to these statutory factors, the Third Circuit established a list of public and private interests that should also be considered when deciding whether to transfer an action:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Johnson v. RiteAid, No. 10-2012, 2011 WL 2580375, at *2-3 (D.N.J. June 28, 2011) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).

Thus, the Court must engage in a two part analysis to determine whether a motion to transfer venue should be granted. As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Id. "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" Id. (citing Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988) (internal citations omitted)).

### III. DISCUSSION.

#### A. Venue is Proper in the District of New Jersey.

There is no dispute that §§ 1391(b)(1) and 1391(b)(3) do not apply in this case. Instead, Plaintiff argues that venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events underlying his claims occurred in New Jersey. In support of this proposition, Plaintiff relies mainly on the allegation that this action arises from the Investigation Contract executed in New Jersey by Plaintiff and Mr. Rubino, which was then assigned to Defendants. (Pl. Sur-reply, ECF No. 29 at 1-2). This Court agrees, particularly in light of the fact that the New Jersey District Court has affirmed the proposition that an assignee of a contract "stands in precisely the same shoes as its assignors," with regard to the provisions of that contract. Trailways Finance v. Euro–Flo Tours, Inc., 572 F.Supp. 1227, 1231 (D.N.J.1983). Thus, the allegations in this action, considered as a whole, stem from the Investigation Contract executed in New Jersey. Accordingly, venue is proper in this District and Defendants' request for dismissal should be denied.

#### B. The Instant Matter Could Have Been Brought in the Eastern District of Pennsylvania.

Having found that venue is proper in the District of New Jersey, the Court next considers whether a transfer of this case is appropriate. As a threshold matter, this Court must decide whether the transferee forum has proper jurisdiction and venue to hear the instant action. Where subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper in a judicial district where any defendant resides, if all reside in the same state. 28 U.S.C. § 1391(b)(1). This standard is met as all the Defendants reside in Pennsylvania.

Having found that this action could have originally been brought in the Eastern District of Pennsylvania, this Court now turns to whether the private and public factors weigh in favor of such a transfer.

### C. Private and Public Factors.

#### 1. Private Interests.

The primary private interests at issue in this Motion to Transfer are Plaintiff's choice of forum, where the claim arose and the convenience of the parties and witnesses. The Court takes each of these factors in turn.

In the Third Circuit, a plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). That is, when a plaintiff chooses his home forum, the choice is "entitled to greater deference." Sandvik, Inc. v. Cont'l Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989). Here, Plaintiff resides in New Jersey and has chosen his home forum for this litigation. While Defendants' preference of forum is the Eastern District of Pennsylvania, which the Court takes into account, Defendants are the moving party in this case, and thus, hold the burden of persuasion regarding their motion to transfer. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir.1973). To overcome the presumption in favor of Plaintiff's choice of forum, the defendants must show the balance of conveniences weighs "strongly in favor" of transfer to a more convenient forum. Shutte, 431 F.2d at 25. The Court finds first that this factor weighs in favor of transfer and ultimately, that Defendants have failed to overcome the presumption in favor of Plaintiff's choice of forum.

The issue of where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred is sharply disputed between the parties. In essence, courts consider this to be

where "the operative facts occurred." Days Inn Worldwide, Inc. v. Inv. Prop. of Brooklyn Ctr., LLC, No.08–390, 2009 WL 3153277, at *4 (D.N.J. Sept.25, 2009). With respect to a breach of contract claim, the Court must "consider several specific factors that relate to where the claim arose, including (1) where the contract was negotiated or executed; (2) where the contract was to be performed; and (3) where the alleged breach occurred." Business Store, Inc. v. Mail Boxes Etc., No. 11–3662, 2012 WL 525966, at *7 (D.N.J. Feb. 16, 2012) (citing Advanced Technologies and Installation Corp. v. Nokia Siemens Networks US, L.L.C., No. 09–6233, 2010 WL 3522794, *8 (D.N.J. Sep. 2, 2010)). There is no doubt that the Investigation Contract was negotiated and executed in New Jersey between two New Jersey residents. (Pl. Sur-reply, ECF No. 29 at 4). However, the question as to where performance of the Contract was to occur and where the breach occurred, remains at issue.

While Defendants deny ever contracting with Plaintiff, they argue that Plaintiff's performance of this alleged Contract occurred in Pennsylvania. (Defs.' Br., ECF No. 8 at 8-9). A bill was sent to Defendants which incorporates all performance by Plaintiff, as well as the hours attributable to each "function" therein, (hereinafter the "Billing Details"). (See Compl., ECF No. 1 at Ex. A). The Court has reviewed the Billing Details and while it does appear that some of Plaintiff's investigatory services were performed in Pennsylvania, many of the services at issue occurred by way of phone calls and the like, which were made from Plaintiff's office in New Jersey. (Id.). Therefore, it appears to the Court that the substantial performance of the contract cannot be deemed to have occurred in either New Jersey or Pennsylvania independently, but rather weighs neutrally.

With respect to where the breach of the Contract occurred, the Court notes that "where a party has [ ] failed to make a payment, the locus of the action is where the party failed [to] take

that action rather than where the result is felt." Stalwart Capital, LLC v. Warren Street Partners, LLC, No. 11–5249, 2012 WL 1533637, *4 (D.N.J. Apr. 30, 2012) (citing Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 295 (3d Cir.1994) ("The omissions that [plaintiff] cites – [defendant's] failure to return various materials and failure to remit payments-actually occurred in Michigan, not in Pennsylvania. Even though the result was [plaintiff's] non-receipt of those items in Pennsylvania, the omissions bringing about this result actually occurred in Michigan.")). Thus, it appears that Defendants' alleged failure to make payments to Plaintiff did in fact occur in Pennsylvania. Having considered where the Contract at issue was allegedly negotiated, executed, performed, and breached, the Court finds that this factor weighs neutrally at best in transferring this case and therefore does not aid the Defendants in overcoming the presumption in favor of Plaintiff's choice of forum.

The remaining factors – namely, the convenience of the parties and witnesses, and the locations of the books and record – are of little value to the Court under the facts of this case. Under Jumara, a court should consider the location of books and records only to the extent that the files "could not be produced in the alternative forum." 55 F.3d at 879. Defendants argue that because they are located in Pennsylvania, as are their records and witnesses, that "it is clearly more convenient to try this case in the Eastern District of Pennsylvania." (Defs.' Br., ECF No. 8 at 9). This Court disagrees. In considering the "convenience of the parties," district courts should focus on the relative physical and financial condition of the parties. See Jumara, 55 F.3d at 879. Neither party has proffered any significant argument showing a physical or financial burden to litigating in New Jersey and Defendants have not met their burden of proving either financial inconvenience or "unique or unusual burden" if the action were litigated in New Jersey. (quoting Intellectual Ventures I LLC v. Altera Corp., 842 F. Supp 2d 744, 751 (D. Del. 2012)). Similarly,

according to Jumara, the convenience of witnesses should be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." 55 F.3d at 879. This Court finds that neither party was able to offer evidence suggesting that any witness would be unavailable for trial, including Ms. Givalry, in either forum, as opposed to merely being affected by the distance.[6]

### 2. Public Interests.[7]

The Court finds that the relevant public interests also weigh against transferring this matter. Defendants argue that practical considerations that could make the trial easy, expeditious or inexpensive are apparent, as this case stems from the trial in Givalry v. General Motors Corp. and Pompey Motors, Inc., which was conducted in Pennsylvania. (citation omitted) (Defs.' Br., ECF No. 8 at 9). This Court does not agree because the breach of contract claim for investigatory services performed related to the Givarly matter has little to no connection with the *trial* in Pennsylvania. Defendant argues, and the Plaintiff opposes, that the District of New Jersey is heavily congested and in the interest of justice, the case should be transferred. (Defs.' Br., ECF No. 8 at 10). The Court finds this action could be tried without undue administrative difficulties resulting from court congestion in either district. This Court is guided by Eastman v. First Data Corp., stating that where "the parties have submitted conflicting data regarding comparative court congestion, and the Court finds that this factor does not tip the balance in either party's favor."

---

[6] See Days Inns Worldwide, Inc. v. Ram Lodging, LLC, No. 09-2275 (SDW), 2010 WL 1540926 (D.N.J. Apr. 14, 2010).
[7] The Court finds the following Jumara factors to be of neutral value, and as Defendants do not argue their relevance, as is their burden, the Court does not incorporate them into the analysis: the enforceability of the judgment; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. 55 F.3d 873, 879-80.

No. 10-4860 WHW, 2011 WL 1327707 (D.N.J. Apr. 5, 2011).  Furthermore, "relative congestion of the respective courts' dockets is not a factor of great importance" on a motion to transfer. Id. (quoting Kisko v. Penn. Cent. Transp. Co., 408 F.Supp. 984 (M.D.Pa.1976).  Therefore, this factor is of neutral weight.

After taking all of the foregoing into consideration, this Court concludes that Defendants have not met their burden of demonstrating that it would be more convenient for all the parties to have this case litigated and tried in the Eastern District of Pennsylvania.

## IV.   CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that Defendants' Motion to Transfer, (ECF No. 8), be **DENIED**.

JOSEPH A. DICKSON, U.S.M.J.

cc.   Honorable Jose L. Linares, U.S.D.J.