NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROOKE MURPHY d/b/a/ MEADOWLANDS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ERIC G. ZAJAC and ZAJAC, ARIAS & TRICHON, P.C.,<br><br>Defendants. | Civil Action No. 13-cv-04981 (JLL)(JAD)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Eric G. Zajac ("Zajac") and Zajac, Arias & Tichon, P.C. (collectively "Defendants")'s motion to dismiss or transfer venue to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). This Court referred Defendants' motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Dickson filed a Report and Recommendation in connection with this motion on April 17, 2014. In his Report and Recommendation, Judge Dickson recommended that Defendants' motion be denied. Defendants filed an objection to Judge Dickson's Report and Recommendation on May 1, 2014.

The Court has considered the submissions in support of, and in opposition to, Defendants' motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Dickson's Report and Recommendation, and denies Defendants' motion to dismiss or transfer venue.

1

I.  **BACKGROUND**

The relevant facts of this case are set forth in Judge Dickson's Report and Recommendation and will not be repeated here except where necessary to provide context for the Court's review.

Plaintiff Brooke Murphy ("Plaintiff") alleges that he entered into a contract (the "Investigation Contract") with non-party Raymond Rubino, Esq., ("Rubino"), a New Jersey attorney, to provide investigative services in connection with Rubino's representation of a plaintiff in a products liability action filed in Pennsylvania (hereinafter "the underlying action").[1] (Am. Compl. at ¶ 1; *see also* CM/ECF No. 8-3). Plaintiff states that Rubino subsequently issued a substitution of attorney, which had the effect of substituting Defendants for Rubino as counsel for the plaintiff in the underlying action. (Am. Compl. at ¶ 2). Plaintiff claims that he continued to provide investigatory services for Defendants, and that based on the agreement with Rubino (and subsequently assigned to Defendants), he billed Defendants in the amount of $169,770.00, which remains outstanding. (*Id.* at ¶¶ 3, 4, 7).

Plaintiff initially filed this action in Passaic County Superior Court on or about July 16, 2013. (CM/ECF No. 1-1). Defendants then removed the matter to this Court on August 19, 2013. (CM/ECF No. 1). On October 29, 2013, Defendants filed a motion to dismiss, or in the alternative, to transfer venue to the Eastern District of Pennsylvania. (CM/ECF No. 8).

---

[1] The underlying action, *Gilvary v. General Motors Corp. and Pompey Motors, Inc.*, was brought by Sarahjuan Gilvary ("Gilvary"), a resident of Pennsylvania, as a result of injuries she sustained while she was a passenger in a vehicle manufactured and sold by General Motors Corp. ("GM") and Pompey Motors, Inc. ("Pompey"). (*See* CM/ECF No. 8-3 at ¶¶ 6-8.) While the vehicle was in operation, it struck a guard rail and a concrete center barrier, and then rolled in a clock-wise manner until it came to a rest. (*See id.* at ¶ 10). During this time, Gilvary was partially or fully ejected through the right rear passenger door and sustained severe injuries. (*Id.* at ¶¶ 11, 12). As a result of the accident, Gilvary is now paralyzed and has no feeling in her body from the shoulders downwards. (*Id.* at ¶ 12). Gilvary alleged in the underlying action that the vehicle did not possess a crashworthy rear door latch, and that this defective system and the unreasonably dangerous conditions it created were substantial factors in causing her injuries. (*Id.* at ¶¶ 16, 17). Defendants argue that Gilvary is a necessary party to the present action because she could be liable to Plaintiff from "the funds held in escrow on her behalf." (CM/ECF No. 37-2 at 12-13).

2

On April 17, 2014, Judge Dickson issued a Report and Recommendation in which he recommended that Defendants' motion be denied in its entirety. (CM/ECF No. 35). In recommending to deny Defendants' motion to dismiss, Judge Dickson determined that Plaintiff's allegations "stem from the Investigation Contract executed in New Jersey," and that "venue is [therefore] proper in this District." (*Id.* at 5). In recommending to deny Defendants' request to transfer, Judge Dickson made the following determinations: (1) venue in the Eastern District of Pennsylvania would be proper because all Defendants reside in Pennsylvania (*id.* at 5); and (2) Defendants failed to overcome the presumption in favor of Plaintiff's choice of a New Jersey forum because they failed to meet their burden of showing that a consideration of public and private interests weighs in favor of transferring this matter to the Eastern District of Pennsylvania, (*id.* at 6-10).

Defendants have raised the following specific objections to Judge Dickson's Report and Recommendation: (1) there was no assignment of the Investigation Contract (CM/ECF No. 37-2 at 7); (2) the substantial or operative facts giving rise to this matter occurred in Pennsylvania rather than New Jersey (*id.* at 11-12); (3) the plaintiff in the underlying action is an interested party and cannot be brought into the instant action because this Court does not have jurisdiction over her (*id.* at 12-13); and (4) a consideration of the public and private interests favors transfer to the Eastern District of Pennsylvania. (*id.* at 13-14).

## II. LEGAL STANDARDS

### A. Standard of Review of a Magistrate Judge's Report and Recommendation

When a magistrate judge addresses motions that are considered "dispositive," such as motions to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court

may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report and Recommendation to which a litigant has filed an objection. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.1(c)(2); L. Civ. R. 72.1(c)(2). For non-dispositive motions, however, the district court will reverse a magistrate judge's decision only if it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, a finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A district court may not reverse a magistrate judge's determination solely on the basis that it might have decided the matter differently. *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).

B. <u>Motion to Dismiss for Improper Venue</u>

Federal Rule of Civil Procedure 12(b)(3) permits a party to file a motion to dismiss for improper venue in response to a pleading. Fed. R. Civ. P. 12(b)(3). A party moving for dismissal bears the burden of showing that venue does not lie. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). The statutory requirement for establishing venue in a federal district court is provided by 28 U.S.C. § 1391(b), which provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Third Circuit has stated that the purpose of the venue statute is generally to "protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979)). However, even when venue is proper in a certain district, an action may "nevertheless . . . be transferred for the convenience of the parties and the witnesses and in the interests of justice." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 517 (D.N.J. 1998) (citing 28 U.S.C. § 1404(a)).

C. <u>Motion to Transfer Venue</u>

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is a non-dispositive pretrial matter. *Berg v. Aetna Freight Lines*, No. 07-1393, 2008 WL 2779294, at *1 n.1 (W.D. Pa. July 15, 2008). "This is true 'because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.'" *Id.*

(quoting *Adams v. Key Tronic Corp.*, No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997)).

Section 1404(a) vests district courts with discretion "to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1998) (citation omitted). Specifically, section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a)).

The purpose of § 1404(a) is "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Courts are not limited to only these factors, however, and should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted). This standard creates an analysis that "is flexible," with decisions being based "on the unique facts of each case." *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)). The burden of establishing the need for transfer rests on the moving party. *See Jumara*, 55 F.3d at 879.

The Third Circuit has listed the public and private interest factors to be weighed when considering a motion to transfer:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;

6

and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted).

### III. DISCUSSION

Insofar as Defendants have moved to dismiss Plaintiff's complaint for improper venue, the motion is dispositive. Thus, this Court will make a *de novo* determination regarding the propriety of dismissing Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). Insofar as Defendants have moved to transfer this matter, however, the motion is non-dispositive, and the Court will therefore apply the more deferential "clearly erroneous or contrary to law" standard of review to Judge Dickson's recommendation to deny Defendants' request to transfer.

#### A. Dismissal of this Matter for Improper Venue Would be Inappropriate

In his Report and Recommendation, Judge Dickson determined that Defendants' "request for dismissal should be denied" because venue in this district is proper under 28 U.S.C. § 1391(b)(2), as "this action arises from the Investigation Contract executed in New Jersey by Plaintiff and Rubino, which was then assigned to Defendants." (CM/ECF No. 35 at 5). In their objection to Judge Dickson's Report and Recommendation, Defendants assert (without citing to any authority) that "[t]here was no assignment because [Plaintiff] has no right to assign Rubino's duties to a third party." (CM/ECF No. 37-2 at 7).

7

A review of the record compels this Court to conclude that Defendants have not met their burden of showing that venue in this district does not lie. First, in the Amended Complaint, Plaintiff alleges that "[a]fter Rubino executed the substitution of attorney, [he] continued to render investigatory services to . . . [D]efendants in connection with their representation of [the plaintiff] in the underlying action." (Am. Compl. at ¶ 3). Additionally, in his affidavit submitted in opposition to Defendants' motion, Plaintiff asserts that after he explained to Zajac his fee arrangement with Rubino, Zajac "asked that [Plaintiff] continue to assist him on the same fee basis that [Plaintiff] had with Mr. Rubino." (CM/ECF No. 11 at ¶ 31). Defendants have not offered any evidence to rebut this assertion.

Indeed, the factual record demonstrates—at a minimum—that there is an issue of fact as to whether the Investigation Contract was assigned to Defendants.[2] *See, e.g., Paul German & Assocs. v. Specialty Food Mgmt. Grp.*, No. 11-1399, 2013 U.S. Dist. LEXIS 43810, at *24 (D.N.J. 2013) ("Whether or not an assignment of the . . . contract was implied or implicit is a question of fact that must be left to the fact finder."); *see also Gerli v. Wash. Piece Dyeing & Finishing Co.*, 7 N.J. Misc. 511, 512 (1929) (upholding trial court's refusal to enter a judgment of nonsuit or direct a verdict in a matter involving a defendant's liability as assignee of a lease where there was a disputed question of fact as to whether assignment was genuine). Accordingly, Defendants have failed to meet their burden of showing that venue in this district does not lie. Thus, this Court has no basis upon which to dismiss this matter for improper

---

[2] There is no dispute, however, that the Investigation Contract between Rubino and Plaintiff was executed in New Jersey.

venue.[3]

### B. Judge Dickson's Recommendation to Deny Defendants' Request to Transfer was Neither Clearly Erroneous nor Contrary to Law

As an initial matter, the Court notes that Defendants do not argue that Judge Dickson applied an incorrect legal standard to their request to transfer venue. (*See generally* CM/ECF No. 37-2). Rather, Defendants take issue with Judge Dickson's factual determinations concerning where the events and omissions giving rise to Plaintiff's claims arose. Specifically, they argue that *all*, as opposed to *some*, of the events and omissions giving rise to this case arose in Pennsylvania. (CM/ECF No. 37-2 at 9-12). This argument fails to persuade the Court that it should decline to adopt Judge Dickson's Report and Recommendation, as the Court is not convinced that Judge Dickson's findings to the contrary are clearly erroneous.

In his Report and Recommendation, Judge Dickson set forth the public and private interests he considered in determining the propriety of transferring this matter. (*See* CM/ECF No. 35 at 6-10). With respect to private interests, Judge Dickson noted that while "some of Plaintiff's investigatory services were performed in Pennsylvania, many of the services at issue occurred by way of phone calls and the like, which were made from Plaintiff's office in New Jersey." (*Id.* at 7). Judge Dickson also acknowledged that although Defendants' failure to pay Plaintiff as allegedly agreed took place in Pennsylvania, this fact weighs neutrally in considering the propriety of transfer in light of where the contract was executed and performed. (*Id.* at 8).

---

[3] It also bears mentioning that Plaintiff's bill for services shows that at least some of his services were performed in New Jersey. While Defendants deny that any of these services were "substantial," they have failed to meet their burden of establishing the opposite. In any event, as Defendants and Judge Dickson recognized, Plaintiff could have properly brought this action in the Eastern District of Pennsylvania. (*See* CM/ECF No. 35 at 5-6; CM/ECF No. 37-2 at 4 n.4). Thus, Defendants' request to dismiss this action outright would be denied as it is beyond dispute that another appropriate venue for this action exists. *See Stalwart Capital, LLC v. Warren St. Partners, LLC*, No. 11-5249, 2012 WL 1533637 at *6 (D.N.J. Apr. 30, 2012) (Linares, J.) (holding that "[t]ransfer is generally preferred over dismissal under the principle that cases should be tried on their merits"); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("For the federal court system, Congress ... has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action").

9

Finally, Judge Dickson determined that in light of Defendants' failure to establish that they would be physically or financially burdened by litigating in New Jersey, or that witnesses would be unavailable for trial in New Jersey, Defendants failed to overcome the presumption in favor of Plaintiff's choice of forum. (*Id.* at 8-9).

Indeed, it is apparent to the Court that Judge Dickson correctly applied the law to the underlying facts. Accordingly, Judge Dickson did not abuse his discretion in recommending to deny Defendants' request to transfer based on the private interests of the parties.

As to the public interests, Judge Dickson determined that they "weigh against transferring this matter." (*Id.* at 9). Specifically, he rejected Defendants' argument that this matter should be transferred because it "stems from the trial in [the underlying action], which was conducted in Pennsylvania," concluding that "the breach of contract claim for investigatory services performed related to the [underlying action] has little to no connection with the trial in Pennsylvania." (*Id.*). Defendants take issue with this finding. They argue that the interests of justice warrant transfer because the plaintiff in the underlying action—a Pennsylvania resident—is a beneficiary of the alleged Investigation Contract and "*could be* liable to [Plaintiff] from the funds held in escrow on her behalf." (CM/ECF No. 37-2 at 12-13) (emphasis added).

At bottom, Defendants' argument is that this matter should be transferred because the disposition of this matter *could* implicate interests of the plaintiff in the underlying action. (*See id.*). Defendants' argument is unpersuasive because it is premised on a hypothetical scenario. Notably, Defendants do not argue that the plaintiff in the underlying action is a *necessary* party to this action under Federal Rule of Civil Procedure 19. Thus, that this litigation *might* impact the interests of the plaintiff in the underlying action is insufficient to overcome Plaintiff's choice of forum.

## IV. CONCLUSION

For the reasons set forth above, this Court adopts Judge Dickson's Report and Recommendation of April 17, 2014 as its findings of fact and conclusions of law. Defendants' motion to dismiss, or in the alternative to transfer venue, is denied.

An appropriate Order follows.

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE
